**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 776-7858 |

July 8, 2025

To: All counsel of record

**LETTER OPINION AND ORDER**

RE:   **Strike 3 Holdings, LLC v. JOHN DOE subscriber assigned IP address 72.76.13.119**
**Civil Action No. 2:25-cv-06913 (JXN) (MAH)**

Dear Counsel:

This Letter Opinion and Order will address Plaintiff Strike 3 Holdings, LLC's ("Strike 3") motion for leave to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet Protocol ("IP") address 72.76.13.119 ("John Doe") for the dates relevant to the Complaint. Plaintiff seeks to obtain this information before the Rule 26(f) scheduling conference in this matter pursuant to Federal Rule of Civil Procedure 26(d)(1). Pl's Br. in Supp. of Mot., June 10, 2025, D.E. 5-1, at 1.  The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78, has decided the motion without oral argument.  For the reasons set forth below, the Court will grant the motion.

   I.   **BACKGROUND**

On June 3, 2025, Strike 3 filed a Complaint in the United States District Court, District of New Jersey against John Doe. Compl., D.E. 1. Plaintiff Strike 3 is a Delaware limited-liability company that claims ownership of adult motion pictures with United States copyright registrations.

*Id.* at ¶¶ 2, 11.  Plaintiff alleges that Defendant illegally downloaded and distributed twenty-five of Plaintiff's copyrighted works via the BitTorrent file distribution system, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.  *Id.* at ¶¶ 4, 6, 17-46, 49, 51-52.

Plaintiff states that it does not know the identity of the Defendant and only knows that the alleged infringement described in the Complaint was carried out using IP address 72.76.13.119.  *Id.* at ¶ 5. Accordingly, Plaintiff seeks leave to issue a subpoena on the relevant Internet Service Provider ("ISP"), in this case, Verizon Online LLC ("Verizon Fios"), in accordance with the Cable Communications Policy Act of 1984. Pl's Br. in Supp. of Mot., D.E. 5-1, at 1.  Plaintiff argues that the ISP, as the entity that assigned the IP address, can match it with its records to identify the Defendant.  *Id.* at 1-2.  Plaintiff further asserts that this information is essential, as it currently has no other way to uncover the Defendant's true identity, which is necessary to serve Defendant John Doe and enforce its copyrights. *Id.*

## II.     LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 26(d)(1), a party is generally prohibited from seeking discovery before the parties have held the conference required by Rule 26(f). However, the Court has the authority to permit early discovery. When evaluating a motion for expedited discovery, the Court should assess the full record and determine whether the request is reasonable given the surrounding circumstances.  *See Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *11 (D.N.J. May 17, 2006); *Malibu Media, LLC v. Does 1-11*, No. 12-7615, 2013 WL 12407010, at *4 (D.N.J. Feb. 26, 2013).  Courts faced with motions for leave to serve expedited discovery requests aimed at identifying John Doe defendants in internet copyright infringement cases often apply the "good cause" standard.  *Manny Film LLC v. Doe*, 98 F. Supp. 3d 693, 694 (D.N.J. 2015) (quoting *Modern Woman, LLC v. Does 1-X*, No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013).  Good cause is found when the need for expedited discovery, weighed in the context of the fair administration of justice, outweighs any potential prejudice to the responding

2

party. *See Better Packages*, 2006 WL 1373055, at *10 (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Courts in this District have applied the "good cause" analysis and permitted early but limited discovery under similar circumstances. In *Malibu Media, LLC v. Does*, for example, the plaintiff sought leave to serve third-party subpoenas to discover the name, address, telephone number, email address, and Media Access Control ("MAC") addresses of various John Doe defendants. No. 12-7615, 2013 WL 12407010, at *1 (D.N.J. Feb. 26, 2013). The defendants in *Malibu Media* were accused of using the same BitTorrent file-sharing network that John Doe is alleged to have used in the present case. *Id.* Therein, the Court acknowledged the presence of competing interests. *Id.* at *4. On one side, the plaintiff asserted ownership of copyrighted works and sought to protect those rights. *Id.* On the other hand, the Court recognized that disclosing broad or intrusive information could place an undue burden on individuals who had provided their details to an ISP but were not involved in the alleged unlawful distribution of the plaintiff's work. *Id.* at *3. To balance these concerns, the Court granted the plaintiff's request for early discovery but limited the scope, allowing subpoenas only for information essential to advancing the case: specifically, the name and address of the IP address account holder. *Id.* at *4. Other courts within this District have undergone the same analysis and imposed similar limitations. *See, Manny Film LLC*, 98 F. Supp. 3d at 695 (limiting subpoena's scope to the user's IP address by granting the plaintiff's motion to serve subpoenas prior to a Rule 26(f) conference); *Malibu Media, LLC v. Doe*, Civ. No. 13-4660, slip op. at p. 2 (D.N.J. Aug. 19, 2013) (same); *Voltage Pictures v. Does*, No. 12-6885, 2013 WL 12406868, at *4 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and MAC address associated with a particular IP address).

As in *Malibu Media*, there is good cause to allow limited discovery before the Rule 26(f) conference in this matter. The information Plaintiff seeks is essential for identifying the proper defendant and for serving any Amended Complaint. While the Court acknowledges that the IP

3

account holder may not be the individual responsible for the alleged infringement, they may nonetheless have information that could help identify the actual infringer. Therefore, such information falls within the broad scope of discovery permitted under Rule 26. No. 12-7615, 2013 WL 12407010, at *4 (D.N.J. Feb. 26, 2013).

Accordingly, the Court finds that Plaintiff may serve Verizon Fios with a subpoena pursuant to Federal Rule of Civil Procedure 45, limited to obtaining the name and address of the subscriber associated with IP address 72.76.13.119. This narrowly tailored scope addresses the needs identified above while also considering the potential impact on a subscriber who may not be personally involved in the alleged infringement. Plaintiff is not permitted to request the subscriber's telephone numbers, email addresses, or MAC addresses. A copy of this Letter Opinion and Order must be attached to the subpoena. Plaintiff is to use the information solely for purposes of this litigation and must be prepared to provide any responsive information to any defendant who appears in this case.[1]

### III. CONCLUSION

For the foregoing reasons, Strike 3 is permitted to serve Verizon Fios with a narrowly tailored subpoena.

So Ordered.

<u>s/ Michael A. Hammer</u><br>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Before filing an Amended Complaint naming a specific individual as a defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. The Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims by permitting this discovery.

4